AMÉRICA DÍAZ ESCRIBANO, Plaintiff and Appellee, *v.* MANUEL PÉREZ ALMELA, ET AL., Defendants and Appellants.

No. 7832. Argued May 12, 1939.—Decided May 10, 1940.

*Julio Reguero* for appellants.   *F. R. Aponte* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Humacao in injunction proceedings to retain possession. América Díaz Escribano, the plaintiff, and Manuel Pérez Almela, the defendant, own houses standing upon adjoining lots in Caguas, P. R.   The plaintiff's house is constructed up to the lot line so that its west wall is upon the boundary. There are three windows on the lower floor which open upon the defendant Pérez' lot.   The owners have used these windows for over 20 years.   On October 29, 1937, the defendant had his employee Raimundo Faura, erect a tall fence right across the western front of the plaintiff's house (and upon the lot line).   It obstructed the plaintiff's windows.   This wall or fence was later, at the request of the plaintiff, partially removed or destroyed.

The plaintiff filed a bill of complaint and alleged that she had been in possession of a servitude of light and view for more than a year immediately preceding the filing of the

complaint, that she had been disturbed in her possession and asked that the defendant Pérez Almela and his employee, Raimundo Faura, be enjoined from interfering with her and prayed the court to forbid them from erecting any fence or structure depriving the plaintiff of her right to use the windows. Another reference was made in the complaint to a servitude.

After a trial the court rendered judgment for the plaintiff and held, we may say, that the plaintiff had been in possession of certain windows giving light and view and had the right to be protected in her possession. The defendants. were ordered to refrain from any act that would disturb the plaintiff in the enjoyment of her windows.

The defendants appealed and assign three errors:

"1.—The District Court of Humacao erred in deciding that the plaintiff had the right on the boundary with the lot of the defendant Pérez Almela, to maintain open the three windows on the west side of her house and the west end of the porch of the same, and that he could not close said openings by erecting a wall on his property without first filing against the plaintiff an ordinary action at law to deny a servitude.

"2.—The District Court of Humacao erred in deciding that the plaintiff had a right to be protected in the use of her windows and porch against the disturbing acts of the defendants, after she violently recovered the use of said openings.

"3.—The District Court of Humacao erred in awarding costs and $150 as attorney's fees to the plaintiff."

The appellants maintain that the plaintiff did not show a right to servitude; that the mere fact of opening windows in a contiguous non-party wall does not create a servitude, citing *García* v. *García*, 25 P.R.R. 119; that the time of possession needed to acquire a servitude is 20 years under certain special circumstances, citing the case of *Díaz* v. *Guerra*, 18 P.R.R. 790. Furthermore, the appellants contend that the windows were more than 30 centimeters square and were not placed at the height of the ceiling joists; that they were larger than the law allows, (Civil Code, sec. 517); that

even if they had been of lawful size the defendants would have the right to erect their wall without regard to the windows.

Then the appellants also set up that no one has a right to open windows unless there is a distance of two meters between the wall in which they are built and the adjoining property, a matter that we have discussed in various cases; that windows in an adjacent non-party wall are mere tolerances and that the neighbor may freely build by its side, citing Judgments of the Supreme Court of Spain of June 13, 1877 (37 J. C. 188); of May 13, 1882 (49 J. C. 172); Laurent *Principios de Derecho Civil,* Spanish Edition 1912, Vol. 8, p. 65; and the *Enciclopedia Jurídica Española,* Vol. 28, p. 699; that hence the plaintiff has no cause of action because the defendants were merely exercising the rights that the laws allowed them when they attempted to erect a wall on their own land. The appellants presented other arguments relating to the manner in which the suit was brought and what the plaintiff had attempted to do.

The court below, after hearing the witnesses and taking a view of the premises, rendered the following opinion and judgment:

"Whereas by having recourse to this special proceeding the purpose of the plaintiff is to obtain the protection of justice to retain the use of certain windows in her property which are described in the complaint, so as to derive light and view from the adjoining lot which belongs to the defendant, and until it is decided to the contrary in the corresponding action, he can not disturb her in the use of said right, possessed by her for more than 20 years before the time when the complaint which began this action was filed, and especially during the year immediately preceding the same, and judicial action is sought to remedy the disturbance of said use as a consequence of the acts of the defendant alleged in said complaint; whereas independently of the right of the plaintiff to bring an ordinary action to establish or declare a servitude of light and view, as well as of the right of the defendant to bring another to deny a servitude, both with relation to the lots which they respectively allege and recognize as belonging to each other, the referred use of her property

by the plaintiff is a matter clearly subject to legal protection by the injunction provided for cases of this nature; whereas the existence or inexistence of a servitude, in favor or against the plaintiff, upon the lot of the defendant to which the complaint refers, as a servient lot in favor of hers as dominant estate, is not an issue to be adjudged in this special action in which only the possessory fact, or, as some may wish to say, quasi possessory, only can be decided, and whatever it is finally held in this proceeding is not an obstacle for the parties to file the corresponding ordinary action to sustain their respective averments in relation to the issue at law which seems to exist between them; whereas from the evidence it appears that the fundamental allegations of the complaint have been satisfactorily proved and the plaintiff has a right to what is prayed in the same, this complaint is allowed and to that effect judgment is rendered forbidding until the contrary is held the defendants Manuel Pérez Almela and Raimundo Faura either severally or jointly, by themselves or by any agent, employee or person under their authority, from realizing any act which tends to disturb the defendant in the possession and enjoyment of the windows opened on the west wall of the house described in her complaint, also ordering them to proceed to build anew at their expense the hood which disappeared from above the aforesaid windows by reason of the work done on his lot by the defendant Manuel Pérez Almela, with costs to the plaintiff, including a sum of $150 which the court finds reasonable to pay attorney's fees.''

The appellee relied on her possession for more than a year of a house with windows opened, and points to the cases of *Fernández* v. *González,* 41 P.R.R. 719, and *Fajardo Sugar Growers* v. *Central Pasto Viejo,* 41 P.R.R. 817. These cases, from which the writer dissented, only affected a supposed possession of a servitude as distinguished from the right itself.

Here, however, as appellants with appropriate citations *supra,* insist, the principal defendant, Pérez, was exercising a right on his own land. The law and the authorities are clear that ordinarily defendant had a right to erect a wall up to the limit of his lot. Manresa says:

''The fact that windows are opened to receive light does not establish a servitude in favor of he who opens them because such open-

ings are a mere tolerance and the owner of the adjoining lot can close them if the wall becomes a party wall (unless there is agreement to the contrary), and close them if he erects an adjoining wall.

"To acquire a real servitude of light it is necessary to do so by prescription and as a servitude on an own wall is considered negative (judgments of May 27, 1896 and February 9, 1907), the necessary time for that prescription is to be counted, not from the opening of the window, but from the moment when there was an obstructive act, this being a necessary requisite for the acquisition of the servitude. Why is it that time does not begin to run until the moment of the obstructive act? Because, as Castrillo says, the obstructive act constitutes the efficient cause of the birth of the possession of the servitude, and without the obstructive act the servitude is not born, and not being born, cannot be possessed and if that right is not possessed because it is not born, it would be absurd to find the neighbor guilty of having deprived the owner of the possession of a right which has not been born. The existence of the opening, then, under the aforesaid theory, cannot imply *per se* possession of a right of servitude, and it should be understood (except when there is evidence to the contrary) that the use of light and the enjoyment of views, are of mere tolerance.

"This doctrine has been constantly and repeatedly established by the jurisprudence of the Supreme Court. This one says in its judgment of May 31, 1892 (affirming those of May 6, 1875, June 13, 1877, May 13, 1882, May 10, 1884 and November 12, 1899) that opening in a non-party wall, adjacent to somebody else's property, are of mere tolerance, except when the contrary is agreed, and cannot be acquired by prescription except when this is counted from the execution of an obstructive act which tends to deprive the owner of the property affected of the right to build upon the same." *Comentarios al Código Civil*, 5th ed., V. 4, p. 706, par. 3."

The plaintiff, besides, could not rely on a servitude with the windows opened in contravention of the law. Section 517, Civil Code (1930).

Scaevola says:

"Section 5. Of the servitude of light and view.
" *       *        *        *         *         *          *

"The section contains regulations of different kinds. Some affirm a servitude of light and view, others do not imply it. The code

regulates in this section the right of view, whether it derives from the right of ownership or from a servitude.

"The first article of the section, number 580, proves what has just been affirmed. It is not so much a servitude as a modality of the common property right . . . .

"We say the same of article 581, although at first it would appear to the contrary. It is true that in granting to the owner of a non-party wall, adjacent to somebody else's property, the right to open on it windows on the conditions mentioned in the aforesaid article, a servitude seems to be established in so far as he is given the right to receive light from another's property and overlook it; but as at the same time the right of the owner of the adjacent lot to build upon it, closing the windows, is recognized, the result is that both rights are reciprocal manifestations of the right of property. Strictly, it cannot be said that there is a servitude when a person uses freely the thing he owns without acquiring or restraining a use of another.

"The owner of the building, in opening the windows determined by article 581, is only freely using his property and similarly the owner of the adjoining lot when he builds alongside the house with the openings. The servitude has in mind something which is projected in fact or in spirit upon the property of another. When this juridical expansion does not exist, when the owner is kept within his property, the rights which he exercises over it are derived from his right of ownership." Scaevola, *Código Civil*, V. 10, p. 477.

To a similar effect is Manresa.

"The judgment of March 3, 1905, establishes that article 581 does not really regulate a servitude of light, but that it grants a right to the owner of a non-party wall, adjacent to the property of another, a right which is not permanent and the uncertainty of which is made evident by the right granted to the owner of the adjacent land to build upon the same without limitation or conditions. Therefore, this article cannot be applicable to a servitude of light, with more reason if this one existed before the code was adopted, and the dimensions and position of the openings through which light is to be received must follow the custom of the country (when there is no applicable law or any agreement) and not the rule of the aforesaid article.

"The windows opened in one's own wall, says the judgment of January 19, 1909, do not aver servitude upon another property and cannot subsist if their dimensions exceed 30 centimeters square, limits

established by article 581. Manresa, *Código Civil* Vol. 4, page 707, paragraphs 2 and 3.

See also Manresa, op. cit. Vol. 4, pp. 701 *et seq.;* Scaevola, op. cit. Vol. 10, pp. 477–504; Sánchez Román, Vol. III, Spanish Civil Code, Second Edition, 635.

In any event, given the rights of Pérez, the recourse of plaintiff, if any she had, would have been to bring an action *confesoria de servidumbre* or some other ordinary suit to establish such a right.

The judgment should be reversed and the complaint dismissed with costs to the defendant, without including attorney's fees.